**SHELBY COUNTY HEALTH CARE CORPORATION d/b/a Regional Medical Center, Plaintiff,**

v.

**GLOBE AMERICAN CASUALTY CO. d/b/a GoAmerica Auto Insurance, Defendant.**

No. 07–2266 B.

United States District Court, W.D. Tennessee, Western Division.

April 14, 2008.

Curtis H. Goetsch, McCullough & McCullough, PLLC, Germantown, TN, for Plaintiff.

Jennifer Shorb Hagerman, Melissa A. Maravich, Burch Porter & Johnson, Memphis, TN, for Defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION OF THE PLAINTIFF FOR SUMMARY JUDGMENT

J. DANIEL BREEN, District Judge.

This matter was originally filed in the Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, Tennessee on March 14, 2007 and was removed to this Court on April 17, 2007. Before the Court are the cross-motions of the Plaintiff, Shelby County Health Care Corporation (the "Med"), and Globe American Casualty Co. d/b/a GoAmerica Auto Insurance ("Globe American"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons articulated herein, the motion of the Defendant is GRANTED and the motion of the Plaintiff is DENIED.

### STANDARD OF REVIEW

Rule 56 states in pertinent part that a

... judgment ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.,* 862 F.2d 597, 601 (6th Cir.1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on its pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The "judge may not make credibility determinations or weigh the evidence." *Adams v. Metiva,* 31 F.3d 375, 379 (6th Cir.1994).

## FACTS

The following material facts are undisputed unless otherwise indicated. On July 8, 2006, Ryan Balentine was injured in an automobile accident and transported to the Med for treatment. He was covered by a policy of insurance issued by Globe American to Freeda Willoughby. According to the Med, it provided medical services and hospitalization to Balentine from July 8 to September 22, 2006 at a cost of seven hundred twenty-four thousand three hundred and 34/100 dollars ($724,300.34) Global American avers that it received a letter along with a bill from Air Evac Lifeteam ("Air Evac") dated August 10, 2006 reflecting the charges for transporting Balentine via air ambulance from Enville, Tennessee to the Med on July 8, 2006 as a result of the accident.

On September 20 and 22, 2006, respectively, the Med filed Affidavits of Hospital Lien with the Circuit Court Clerk of Shelby County, Tennessee and the Circuit Court of Hardin County, Tennessee in the amount of seven hundred twelve thousand six hundred sixteen and 63/100 dollars ($712,616.63). Globe American has acknowledged receipt via registered mail of a letter from Plaintiff dated September 21, 2006 and a copy of the affidavit filed in Shelby County. On August 11, 2006, Globe American paid insurance proceeds to Air Evac in the amount of one thousand dollars ($1,000.00) relating to the accident involving Balentine. This amount constituted the full medical payment coverage available to Balentine under the Globe American policy. It is undisputed for purposes of these motions only that Balentine's debt to the Med remains unpaid and that the Plaintiff has received no funds for the medical services rendered to him.

The Med alleged in its complaint that, in making payment to Air Evac in the amount of one thousand dollars ($1,000.00), Globe American impaired the Plaintiff's hospital lien and violated Tennessee Code Annotated § 29–22–104. The Plaintiff asserts that, as a result of the impairment of its lien, the Defendant is liable under the

statute for the full amount of the hospital bill owed by Balentine.

## CONTENTIONS OF THE PARTIES AND ANALYSIS

At the center of the controversy between the parties lies § 29–22–101, *et. seq,* the Tennessee Hospitals' Liens Statute, and its application to this case. The statute provides hospitals with a

lien for all reasonable and necessary charges for hospital care, treatment and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims or demands accruing to the person to whom such care, treatment or maintenance was furnished ... on account of illness or injuries giving rise to such causes of action or claims and which necessitated such hospital care, treatment and maintenance.

Tenn.Code Ann. § 29–22–101(a) (2000 Repl.). However, a hospital lien "shall not apply to any amount in excess of one third (1/3) of the damages obtained or recovered by such person by judgment, settlement or compromise rendered or entered into by such person ... by virtue of the cause of action accruing thereto." Tenn.Code Ann. § 29–22–101(b). The statute further states that

[a]ny acceptance of a release or satisfaction of any such cause of action, suit, claim, counterclaim, demand or judgment and any settlement of any of the foregoing in the absence of a release or satisfaction of the lien ... shall prima facie constitute an impairment of such lien, and the lienholder shall be entitled to an action at law for damages on account of such impairment, and in such action may recover from the one accepting such release or satisfaction or making such settlement the reasonable cost of such hospital care, treatment and maintenance.

Tenn.Code Ann. § 29–22–104(b)(1). The legislative purpose of the statute was to protect hospitals and insure hospital bills were paid. "The legislature recognized that hospitals were losing funds from providing care to individuals who later collected a settlement or judgment for their injuries but failed to pay their hospital bills." *Martino v. Dyer,* No. M1999–02397–COA–R3–CV, 2000 WL 1727778, at *2 (Tenn.Ct. App. Nov. 22, 2000). Thus, the statute has been interpreted "as providing hospitals with a mechanism to ensure that those people who recover damages for injuries pay their hospital bills out of those recoveries." *Id.*

It is the position of the Defendant, and the Court agrees, that the statute simply has no application here. Specifically, Globe American argues that no "causes of action, suits, claims, counterclaims or demands accru[ed]" to Balentine, as benefits under its policy were paid directly to Air Evac. The decision in *University of Tennessee v. Prudential Insurance Co.,* No. 03A01–9611–CV–00345, 1997 WL 119582 (Tenn.Ct.App. Mar. 18, 1997), as *modified* on *reh'g* (July 1, 1997), *app. denied* (Dec. 22, 1997), cited by the Plaintiff in support of its contention that the statute does apply, indeed favors the Defendant. In that case, the Tennessee appellate court found the statute governed in a situation where the medical provider perfected a hospital lien in accordance with the statute and, thereafter, the insurer, without satisfying the medical provider's lien, paid proceeds under the policy directly to its injured insured. *Univ. of Tenn.,* 1997 WL 119582, at *1. However, no funds under the policy in the instant matter were paid directly to Balentine. Thus, the decision appears to support an interpretation of the statutory language that would limit its application to moneys accruing *to* the insured, thereby prohibiting double recovery by a hospital patient. Section 29–22–101(b) is also in

line with this view, in that it limits hospital liens to one third "of the damages obtained or recovered *by such person by judgment, settlement or compromise rendered or entered into by such person.*" Tenn.Code Ann. § 29–22–101(b) (emphasis added). It is undisputed that there was no judgment, settlement or compromise obtained or recovered by Balentine. Further, § 29–22–104(b)(1) contemplates the acceptance of a release or satisfaction of the injured's claim or settlement of the clam without a release or satisfaction of the hospital lien as prima facie proof of the impairment of the lien. Here, neither Balentine nor the Defendant nor Air Evac entered into any release or settlement so as to constitute such an impairment under the Tennessee statute.

## *CONCLUSION*

For the reasons articulated herein, the Court finds that the Tennessee Hospitals' Liens Statute does not govern this case and, therefore, summary judgment in favor of the Defendant is appropriate.[1] The Plaintiff's motion for summary judgment is DENIED. Accordingly, any and all remaining motions in this matter are denied as moot and the Clerk is DIRECTED to remove from the calendar all deadlines and proceedings associated with this matter.

IT IS SO ORDERED.

---

**1.** Based on the Court's decision, it need not address the other arguments submitted by the parties.